JL

WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carnell Antoin Cunningham,<br>Plaintiff,<br>v.<br>NaphCare, et al.,<br>Defendants. | No. CV-26-04346-PHX-JAT (ASB)<br><br>**ORDER** |

On June 19, 2026, Plaintiff Carnell Antoin Cunningham, who is confined in the Arizona State Prison Complex-Tucson, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a July 1, 2026 Order, the Court denied the deficient Application to Proceed with leave to refile within 30 days.

On July 9, 2026, Plaintiff filed a new Application to Proceed In Forma Pauperis (Doc. 7). The Court will deny the Application to Proceed and will give Plaintiff 30 days to pay the filing and administrative fees.

**I. Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement (or institutional equivalent) for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). If a prisoner is

JDDL

granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1).

Whether to grant or deny an in forma pauperis application is within the Court's discretion, *see O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990), and in forma pauperis status is "a matter of privilege and not right," *Franklin v. Murphy*, 745 F.2d 1221 1231 (9th Cir. 1984). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the [in forma pauperis] statute," *id.*, but "[a] showing of something more than mere hardship must be made," *Andres v. Carmona*, No. 119CV00744DADJLTPC, 2019 WL 4920957, at *1 (E.D. Cal. July 11, 2019). "A plaintiff who is not truly indigent may not proceed in forma pauperis simply to avoid all economic costs of commencing legal actions." *Fox v. S.C. Judicial Dep't*, C/A No. 2:16-cv-00209-RMG, 2016 WL 7469805, at *1 (D.S.C. Feb. 12, 2016); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (in enacting the in forma pauperis statute, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal quotations and citation omitted).

Plaintiff's Application to Proceed In Forma Pauperis indicates that his average monthly balance for the six months preceding the filing of the Complaint far exceeds $405.00. It is irrelevant that Plaintiff has since depleted most of the funds in his trust account. As noted, the in forma pauperis statute requires the Court to consider the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. The Court finds Plaintiff does not qualify for in forma pauperis status. The Court will therefore deny Plaintiff's Application to Proceed In Forma Pauperis and will give him 30 days to pay the filing and administrative fees.

## II. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule

83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 7) is **denied**.

(2) Within **30 days** of the date this Order is filed, Plaintiff must pay the $350.00 filing fee and $55.00 administrative fee.

(3) If Plaintiff fails to pay the $350.00 filing fee and $55.00 administrative fee within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

Dated this 24th day of September, 2026.

James A. Teilborg
Senior United States District Judge